## 11850. MOBLEY *v.* HANSEN.

If the verdict in the eviction proceeding was insufficient, in being merely for a stated sum of money, without a specific finding on the issue as to whether the defendant was holding over and beyond his term of rental, or as to a reasonable rent, the defect was cured by the admission of his counsel, made in court and recited in the judge's order overruling the motion in arrest of judgment, that the defendant had vacated the premises and voluntarily surrendered possession to the plaintiff, and that the amount of the verdict was double the amount of the rent.

DECIDED MARCH 16, 1921.

Eviction; from Ben Hill superior court — Judge Gower. August 14, 1920.

*Myer Goldberg,* for plaintiff in error. *D. E. Griffin,* contra.

HILL, J. This was a proceeding under a dispossessory warrant and a counter-affidavit (Civil Code of 1910, §§ 5385-6). The verdict was as follows: " We the gentlemen of the jury find in favor of the plaintiff entitled to recover $420.00. July 6th, 1920. " On this verdict the court rendered the following judgment: " The above-stated case having come on in its regular order for trial on the 6th day of July, 1920, and the uncontradicted evidence having shown that the defendant's term of rental had expired on the 31st day of December, 1919, and that demand had been made on him for the premises, and it further appearing that notice to vacate on December 31st, 1919, said premises was personally served on the 10th day of September, 1919, and further that the reasonable rent of the said premises was $40.00 per month, the same having been rented for this year and next, from January 1st, 1920, at $40.00 per month,

and the court having directed that the jury find in favor of the plaintiff against the defendant the possession of the premises, and having directed the jury that they consider what would be reasonable rental for the premises, and double said amount and return same into court, the jury having returned the following verdict, to wit: 'We gentlemen of the jury find in favor of the plaintiff entitled to recover $420.00. July 6th, 1920;' whereupon it is considered, ordered, and adjudged by the court that the premises in dispute, and the lot upon which the same is located, and all said premises in the city of Fitzgerald, in the county of Ben Hill, State of Georgia, be awarded to F. J. Hansen, the plaintiff, and that the clerk of this court do issue a writ of possession accordingly. Ordered further that the plaintiff do recover of the defendant as principal, and W. R. Luke and Jehu Harper as securities, $420.00 and costs to be taxed by the clerk of this court. This 14th day of July, 1920." During the term at which the verdict and judgment were rendered the defendant filed a motion in "arrest of said verdict and judgment," on the following grounds: that the said verdict "is too vague, indefinite, and uncertain to support a judgment or the judgment" rendered in the case; "that there were two issues, both of which should have been covered by the said verdict, viz. the eviction issue, or whether or not the defendant was holding over and beyond his term of rental, and then the question or issue of reasonable rent," and the verdict failed to cover the eviction issue; "that an adverse finding against the defendant on this issue was necessarily a condition precedent before the jury could find double rent against" the defendant; and, the jury having failed to find on the eviction issue, the verdict "is entirely void" and so insufficient that a "judgment cannot be legally based thereon, and therefore the judgment" rendered in said case ought as a "matter of law" to "be arrested." On the hearing of the motion in arrest the court "overruled and denied the same," "counsel for plaintiff in error admitting that the plaintiff in error had vacated the premises from which he was . . sought to be evicted, and had voluntarily surrendered the possession of same over to the defendant in error," and "having admitted that the verdict as found by the jury was double the amount of rent." There was no error in overruling

the motion in arrest. If the verdict was insufficient, as set out, the defect was fully cured by the admissions of the defendant, made in court and recited in the order overruling the motion in arrest.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*